IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THYSSENKRUPP MATERIALS NA, INC., <br><br> Plaintiff <br><br> v. <br><br> FABWELL ACQUISITION L.P., <br><br> Defendant | Case No. 26-cv-00047-CDL |

## COMPLAINT

Plaintiff ThyssenKrupp Materials NA, Inc. ("ThyssenKrupp") hereby asserts its Complaint against Defendant Fabwell Acquisition L.P. ("Fabwell"), and states as follows:

## INTRODUCTION

1. This is an action by ThyssenKrupp against Fabwell resulting from Fabwell's failure to pay for more than 80,000 pounds of high-quality industrial steel plates.

2. ThyssenKrupp held up its end of the agreement between the parties by extending credit and delivering the steel, but Fabwell has not paid.

3. Payment is now over two and a half years past due.

4. Fabwell's refusal to pay is a breach of contract that has damaged ThyssenKrupp in the amount of at least $630,604.89 plus costs and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

5. ThyssenKrupp is a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan.

6. Fabwell is a limited partnership organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

7. Upon reasonable inquiry and investigation no partners of Fabwell are domiciled in Michigan or Delaware.

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332(a) because ThyssenKrupp and Fabwell are citizens of different states and the amount in controversy exceeds $75,000.

9. Venue is proper in the Northern District of Oklahoma under 28 U.S.C. § 1391(b) because Defendant Fabwell resides in this District and a substantial part of the events giving rise to this Complaint occurred in this District.

## STATEMENT OF FACTS

10. ThyssenKrupp is an industry and technology company that supplies metal products such as stainless steel, copper, and brass and offers fabrication and transportation services for its various metal product offerings.

11. ThyssenKrupp specializes in meeting industry needs in aerospace, automotive supply chain, defense, oil and gas, and power distribution among others.

12. On October 28, 2022, in anticipation of making purchases from ThyssenKrupp, the parties entered an agreement whereby Fabwell signed and submitted a credit application to open an account with ThyssenKrupp ("Credit Agreement"). (Exhibit 1.)

13. Under the Credit Agreement, Fabwell agreed "to pay all bills as rendered, and agree[d] that overdue accounts may be subject to monthly service charges as stated on invoice[s]." *Id*.

14. Fabwell further agreed to pay "all cost of collection, including actual out of pocket expenses and a collection fee if collected through a collection agency or attorney." *Id*.

15. The Credit Agreement also states that "[t]he laws of the state of Michigan shall govern all contracts between [Fabwell] and Thyssen[K]rupp Materials NA Inc." *Id*.

16. On October 31, 2022, Fabwell submitted Purchase Order No. 5662 to ThyssenKrupp for twenty-nine (29) type 316L stainless steel plates measuring 1.125" x 96" x 240" for $976,522.80 ("Purchase Order") with prices subject to price in effect at the time of shipment. (Exhibit 2.)

17. Pursuant to the Purchase Order and Credit Agreement ThyssenKrupp began shipping the large steel plates to Fabwell, charging Fabwell's account, and invoicing Fabwell for each delivery.

18. On February 24, 2023, ThyssenKrupp shipped twelve steel plates to Fabwell and invoiced $460,722.84 which was due March 26, 2023 ("February Invoice"). (Exhibit 3.)

19. On March 6, 2023, ThyssenKrupp shipped six steel plates to Fabwell and invoiced $190,629.67 which was due April 5, 2023 ("March Invoice"). (Exhibit 4.)

20. On April 18, 2023, ThyssenKrupp shipped six steel plates to Fabwell and invoiced $212,120.34 which was due June 2, 2023 ("April Invoice"). (Exhibit 5.)

21. Fabwell has never disputed the February, March, or April Invoice.

22. Indeed, Fabwell paid the majority of the February Invoice and only $23,084.26 remains due and owing from Fabwell on the February Invoice.

23. However, Fabwell's payments on the amount owing began to slow down and then stopped altogether.

24. Fabwell last paid $10,000.00 towards the debt on both November 17, 2023, and March 14, 2024.

25. There have been no further payments by Fabwell towards the Invoices.

26. Fabwell's total remaining principal debt from all three outstanding Invoices is $425,834.27. (Exhibit 6.)

27. Under the Credit Agreement and each Invoice, Fabwell also owes 1.5% interest per month on the outstanding principal.

28. The interest due on the February invoice is $11,772.97.

29. The interest due on the March Invoice is $94,361.69.

30. The interest due on the April Invoice is $98,635.96.

31. Fabwell has not made any payments towards the interest.

32. On October 19, 2023, ThyssenKrupp sent a Final Demand Notice to Fabwell with proof of the invoices and deliveries and demanded Fabwell to pay its outstanding balance. (Exhibit 7.)

33. Fabwell did not pay or otherwise respond to the October 19, 2023 Demand Notice.

34. ThyssenKrupp also tried to engage the collection agency Williams, Babbit & Weisman which was also unsuccessful in collecting any of the outstanding debt.

35. The collection agency sent multiple emails, made multiple phone calls, and on a few occasions was able to speak with Landon Fabela, an owner of Fabwell. Twice, Mr. Fabela stated he thought the debt was being paid and said he would look into it, but these conversations were simply a stalling tactic. (Exhibit 8.)

36. In a final attempt to avoid litigation, ThyssenKrupp sent Fabwell a demand letter through counsel on August 20, 2025.

37. Fabwell has not arranged for payment of its obligations or otherwise responded.

## COUNT I: BREACH OF CONTRACT

38. ThyssenKrupp incorporates by reference the prior allegations as if set forth herein.

39. The Credit Agreement, Purchase Order, and Invoices are a binding and enforceable contract.

40. As set forth above, Fabwell has materially breached the parties' agreement and has been in breach for two and a half years.

41. Fabwell agreed to pay all bills rendered under the Credit Agreement.

42. Fabwell agreed to pay service charges stated on the Invoices.

43. Fabwell failed to pay all bills rendered and pay the service charges.

44. Fabwell failed to provide any legal basis for its breach of contract.

45. As a result of Fabwell's breach of contract, ThyssenKrupp has suffered damages of at least $630,604.89 in unpaid debt and interest.

46. ThyssenKrupp is also entitled to the costs of collection under the Credit Agreement including costs of the collection agency and attorneys' fees.

## COUNT 2: ACCOUNT STATED

47. ThyssenKrupp incorporates by reference the prior allegations as if set forth herein.

48. ThyssenKrupp provided a supply of metal plates to Fabwell pursuant to the Credit Agreement and Purchase Order.

49. ThyssenKrupp regularly and timely invoiced Fabwell for each shipment of metal plates.

50. ThyssenKrupp maintained an account that recorded the supplies sold to Fabwell and the payments Fabwell submitted to ThyssenKrupp on that account.

51. Fabwell made its last payment on the account on March 14, 2024.

52. Fabwell has never objected to any Invoice or the amount due on the account.

53. Fabwell has assented to the account stated by the Invoices by its failure to object and verbal acknowledgement of the outstanding debt.

54. Fabwell has an account stated owing to ThyssenKrupp in an amount of $630,604.89.

## PRAYER FOR RELIEF

WHEREFORE, ThyssenKrupp respectfully requests that the Court enter judgment in its favor as follows:

a) For entry of an Order finding in favor of ThyssenKrupp and against Fabwell on this Complaint;

b) For entry of an Order awarding damages of $630,604.89;

c) For entry of an Order awarding ThyssenKrupp post-judgment interest on all amounts ThyssenKrupp is awarded, to the full extent permitted by law;

d) For entry of an Order awarding ThyssenKrupp its costs of collection including collection agency fees and attorneys' fees;

e) For entry of an Order granting ThyssenKrupp such further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ J. Craig Buchan*
J. Craig Buchan, OBA No. 19420
Matthew C. Cecconi, OBA No. 35080
MCAFEE & TAFT, A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 574-3193
craig.buchan@mcafeetaft.com
matthew.cecconi@mcafeetaft.com


Gabriel E. Bedoya (MI P80839)
Kory Steen (MI 83170)
Brian R. Hamilton (MI P88135)
HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
313.465.7987
gbedoya@honigman.com
ksteen@honigman.com
bhamilton@honigman.com
*pro hac vice motions pending*


*Attorneys for Plaintiff, ThyssenKrupp Materials NA, Inc.*

62975453.3.219273.567595