# United States District Court
## for the Northern District of Oklahoma

Case No. 26-cv-047-JDR-CDL

THYSSENKRUPP MATERIALS NA, INC.,

*Plaintiff,*

*versus*

FABWELL ACQUISITION L.P.,

*Defendant.*

## OPINION AND ORDER

Plaintiff ThyssenKrupp Materials NA, Inc. sued Defendant Fabwell Acquisition L.P. for breaching a credit agreement and failing to pay amounts due on an open account. Dkts. 2, 9. To date, Fabwell has not answered or otherwise appeared in this action. After the Clerk of Court's entry of default [Dkt. 22], ThyssenKrupp moved for default judgment [Dkt. 23]. The Court has reviewed the motion, the pleadings, and the supplemental information provided upon request and, for the reasons set forth below, grants ThyssenKrupp's motion.

### I

Although default judgments are not favored, district courts have the authority to enter a default judgment when a party fails to file a responsive pleading to or otherwise defend itself against claims for affirmative relief. Fed. R. Civ. P. 55; *Katzson Bros., Inc. v. United States Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988). Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process governing default judgments: First, the plaintiff must submit an affidavit showing a party has failed to plead

or defend itself to the Clerk of Court, who must enter a default against the unresponsive party. Once the Clerk enters default, the plaintiff must then request an order granting default judgment. *See Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995); N.D. Okla. R. Civ. P. 55-1.

Once default is entered and a motion for default judgment is filed, the court must ensure that it has jurisdiction over both the dispute and the parties involved. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (stating that "judgment by default should not be entered without a determination that the court has jurisdiction over the defendant"). The court must then determine whether default was properly entered against the defendant. If so, the court considers whether, when the well-pleaded facts pertaining to liability and any undisputed facts in the affidavits and exhibits are accepted as true, there exists a legitimate basis for recovery against the defaulting party. *See Am. Bank of Oklahoma v. Hays*, No. 24-cv-094-SEH-MTS, 2025 WL 1914393, at *3 (N.D. Okla. May 22, 2025), report and recommendation adopted, No. 24-cv-00094-SEH-MTS, 2025 WL 1779559 (N.D. Okla. June 27, 2025); *J & J Sports Prods., Inc. v. Chavez*, No. 17-cv-166-JED-JFJ, 2018 WL 5660757, at *1 (N.D. Okla. Sept. 18, 2018). Whether default judgment is appropriate based on those facts is within the court's discretion. *Hays*, 2025 WL 1914393, at *3.

## A

The Court is satisfied that it has jurisdiction over this case. According to the amended complaint and accompanying documents, ThyssenKrupp is a Michigan corporation with its principal place of business in Michigan, and it seeks more than $600,000 in damages from Fabwell. *See generally* Dkt. 9. The undisputed facts in the supplemental exhibits provided by ThyssenKrupp establish that Fabwell has one general partner and three limited partners, and there is no evidence that any of those partners are citizens of Michigan. *See* Dkts. 27, 29. The Court finds, based on the allegations, the documentary evidence, and the supplemental information provided to the

Court, that there is complete diversity between the parties and the exercise of jurisdiction is proper.[1]

The Court also finds that it has personal jurisdiction over Fabwell. Fabwell is an Oklahoma LP with a registered agent in Oklahoma and a place of business in Tulsa. Dkt. 9 at ¶ 6; Dkt. 27-2 at 2. The return of service filed in this case shows that Fabwell was served with a copy of the summons,

---

[1] The Court requested supplemental information to assure itself that jurisdiction was proper. *See* Dkts. 26, 28. ThyssenKrupp appears to take issue with the request, arguing that the governing standard requires the Court to "construe all relevant factual allegations in a light most favorable to Plaintiff, and **does not** require that Plaintiff affirmatively *prove* facts supporting jurisdiction." Dkt. 29 at 2 (emphasis in original). Although the Court must take all well-pleaded factual allegations as true, ThyssenKrupp's allegations, even when taken as true and construed generously, do not support the exercise of jurisdiction. This is because ThyssenKrupp's allegations concern only Fabwell's place of organization, its place of business, and the *domicile* (not the citizenship) of its partners. Dkt. 2 at ¶¶ 6-7; Dkt. 9 at ¶¶ 6-7.

To allege Fabwell's citizenship, ThyssenKrupp was required to allege facts concerning the citizenship of each of Fabwell's partners and, in the case of the partner-LLC, the citizenship of each member of the LLC, "proceeding through each layer until a corporation's or natural person's citizenship was identified." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025); *see ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1302 (10th Cir. 2025). ThyssenKrupp did not allege these facts in its original or amended complaint. *Cf. Hajoca Corporation v. R&R Plumbing, LLC*, No. 23-cv-252-JFH-JFJ, 2024 WL 1906436, at *2 n.3 (N.D. Okla. May 1, 2024) (finding jurisdiction proper based on allegations regarding the *citizenship* of the defendant LLC's sole member). Both the original and amended complaint appeared to conflate domicile and citizenship—a presumption that is permissible for individuals but not business entities. *See id.*; *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

When ThyssenKrupp later asserted that none of Fabwell's partners were citizens of Michigan [Dkt. 23-1 at 3], it was not clear whether that assertion was based on the facts alleged (which did not establish jurisdiction), or other facts not alleged (which may have established jurisdiction). By requesting more information, the Court was not making an argument on behalf of an absent entity. *See* Dkt. 29 at 4-5. Instead, it was ensuring, to the extent possible, that the Court had authority to resolve this case.

Perhaps ThyssenKrupp did not realize that it initially conflated domicile and citizenship (a common mistake that is easily rectified) and did not appreciate the reasons underlying the Court's request for more information. The information was *required* to grant the relief ThyssenKrupp requested, its remonstrance notwithstanding.

original complaint, and amended complaint, all of which were personally served on Fabwell president Landon Fabela at his usual place of business in accordance with Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. Dkt. 9-8; Dkt. 10. Based on these facts, this Court may exercise general personal jurisdiction over Fabwell. *See Anderson Energy Grp. (Ohio), LLC v. Endeavor, Ohio, LLC*, No. 12-cv-430-GKF-TLW, 2013 WL 1910389, at *5 (N.D. Okla. May 8, 2013) (recognizing that the exercise of general personal jurisdiction is proper where a defendant maintains "continuous and systematic general business contacts with the forum state").

B

The Court is satisfied that the Clerk's entry of default was properly entered. Under Federal Rule of Civil Procedure 55(a) and Local Rule 55-1(a), the Clerk of Court ordinarily ensures that an appropriate motion is filed setting forth facts establishing service of process and affirmations regarding military service and the competency of the defaulting party; the Clerk also independently determines that service has been effected, the time for responding has expired, and no answer or appearance has been filed. N.D. Okla. R. Civ. P. 55-1(a). Once the Clerk is assured of these prerequisites, it prepares the entry of default. *Id.* The entry of default here appears to be in order.

C

Having determined that both the exercise of jurisdiction and the entry of default are proper, all that remains is for the Court to determine whether, when the well-pleaded facts pertaining to liability and any undisputed facts in the affidavits and exhibits are accepted as true, there exists a legitimate basis for recovery against the defaulting party. *See Am. Bank of Oklahoma v. Hays*, No. 24-cv-094-SEH-MTS, 2025 WL 1914393, at *3 (N.D. Okla. May 22, 2025), report and recommendation adopted, No. 24-cv-00094-SEH-MTS, 2025 WL 1779559 (N.D. Okla. June 27, 2025); *J & J Sports Prods., Inc. v. Chavez*, No. 17-cv-166-JED-JFJ, 2018 WL 5660757, at *1 (N.D. Okla. Sept. 18, 2018). The Court finds a legitimate basis for recovery on the facts alleged.

ThyssenKrupp sued Fabwell for breach of contract and for an account stated, with both claims governed by Michigan law. To state a claim for breach of contract, ThyssenKrupp was required to demonstrate (1) the existence of a contract, (2) breach by the defendant, and (3) damages resulting from the breach. *Bank of Am., N.A. v. First Am. Title Ins. Co.*, 499 Mich. 74, 100; 878 N.W.2d 816, 830 (2016). The allegations and documents provided by ThyssenKrupp show that Fabwell agreed to "pay all bills as rendered" in exchange for an extension of credit by ThyssenKrupp [Dkt. 9-1] and agreed to pay ThyssenKrupp $976,522.80 for metal plates delivered to Fabwell [Dkt. 9-2]. Fabwell failed to pay the full amount as promised, resulting in damages to ThyssenKrupp in excess of $425,000.00. Dkts. 9-5 to 9-7; *see* Dkt. 9 at ¶¶ 17-26. These allegations demonstrate that ThyssenKrupp has a legitimate basis for relief for breach of contract against Fabwell.

The facts and documents also support a right to relief for an account stated. Under Michigan law, fees due by a party become an account stated when the party owing money on an account for goods or services received agrees to the amount owed by (1) making payments for bills pertaining to the account or (2) failing to timely object to those bills. *See Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 559, 837 N.W.2d 244, 253 (2013). The evidence of ThyssenKrupp's invoices, partial payments made on those invoices, and the affidavits reflecting that no objections were made to the invoices supports the conclusion that ThyssenKrupp has a legitimate basis for its account-stated claim. *Dunn v. Bennett*, 303 Mich. App. 767, 771, 846 N.W.2d 75, 77 (2013) (concluding that evidence of payments on an amount due without objection could support the existence of an account stated claim); *see* Dkt. 9 at ¶¶ 24-35, 48-53; Dkt. 23-1; Dkt. 23-2.

D

The final matter for the Court to determine is the amount of damages owed to ThyssenKrupp. In some cases, it is necessary to conduct a hearing to determine the amount of damages recoverable from a defaulting party. But

where there is no doubt as to the amount to be awarded and the damages reflect a sum that is capable of mathematical calculations, a court may enter default judgment without a hearing. Fed. R. Civ. P. 55(b)(1); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). Damages for breach of contract and outstanding interest can be determined without a hearing. *E.g.*, *Farm Credit Servs. of Am., PCA v. Westcott*, No. CIV-20-1116-D, 2021 WL 495875, at *2 (W.D. Okla. Feb. 10, 2021) (concluding that the amount prayed for in the complaint was a "sum certain for the breach of a retail installment contract plus calculable interest").

Based on the evidence provided, the Court finds that Fabwell owes ThyssenKrupp $693,172.08. This figure includes $425,834.27 owed on three invoices for goods issued in February, March, and April of 2023 that were not paid or paid only in part; $15,180.21 in interest on the February 2023 invoice; $122,212.68 in interest on the March 2023 invoice, and $129,944.92 in interest on the April 2023 invoice.

Post-judgment interest from the entry of this Court's judgment is mandatory under 28 U.S.C. § 1961, with interest calculated from the date of the entry of the judgment, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Further, post-judgment interest "shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b). *See Boston Old Colony Ins. Co. et al. v. Tiner Assoc., Inc., et al.*, 288 F.3d 222, 223 (5th Cir. 2002) (postjudgment interest is calculated at the federal rate, while prejudgment interest is calculated under state law).

II

The Court finds and concludes that ThyssenKrupp's motion for default judgment [Dkt. 23] should be granted. ThyssenKrupp is entitled to default judgment against Fabwell Acquisition, LP, and is awarded damages in

the amount of $693,172.08. The Court also grants ThyssenKrupp's request for an award of post-judgment interest.

DATED this 28th day of October 2026.

JOHN D. RUSSELL
*United States District Judge*